IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
_____

SUSAN M. FOX,

      Plaintiff,                                    Case No:  1:07cv0956

v.                                                    Honorable Robert J. Jonker

TRAVERSE CITY AREA PUBLIC
SCHOOLS BOARD OF EDUCATION,
TRAVERSE CITY AREA PUBLIC SCHOOLS,
CHRISTINE M. DAVIS and ROBERT T. PETERS,

      Defendants.

_____

| | |
|---|---|
| James H. Mathieu  (P26565) | William E. Maxwell  (P35846) |
| Mathieu & Lee | Maxwell and Associates |
| Co-Attorneys for Plaintiff | Co-Attorneys for Plaintiff |
| 213 East Main Street, Ste. 7 | P.O. Box 701968 |
| Midland, MI  48640 | Plymouth, MI  48170 |
| (989) 631-9910 | (734) 737-0758 |
| jhmathieu@chartermi.net | wmaxwell@aol.com |

William Vogelzang, Jr. (P29231)
Mark T. Ostrowski  (P49761)
Kluczynski, Girtz & Vogelzang
Attorneys for Defendants
648 Monroe N.W., Suite 400
Grand Rapids, MI 49503
(616) 459-0556
bvogel@kgvlaw.com
marko@kgvlaw.com

_____

**STIPULATED ORDER REGARDING CERTAIN DOCUMENTS TO BE
PRODUCED AND FILED UNDER SEAL**

     IT IS HEREBY ORDERED that the production of the below-listed documents by the parties in response to discovery requests or as Initial Disclosures shall be subject to the following protective conditions.

1. This Protective Order is applicable to documents provided by any party which are "Education Records" containing "Personally Identifiable Information" as these terms are defined, below:

   a. "Education Records"

      Any and all education records within the definition and meaning of the Family Educational Rights & Privacy Act ("FERPA"), 20 U.S.C. 1232(g); § 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794; Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1400, including but not limited to records directly related to a student which are maintained by an educational agency or institution or by a party acting for the agency or institution. See 20 U.S.C. 1232(g)(b)(4)(A).

   b. "Personally Identifiable Information:"

      "Personally identifiable information" includes records which are traceable to individual students by name, address or other particular facts. Such information includes a student's name, parent or other family member, address, a personal identifier such as a student number or social security number, or a list of personal characteristics. (34 CFR 99.33)

2. The above referenced documents shall be deemed to have been designated "confidential" unless personally identifiable information has been redacted such that the records are not traceable to individual students by name, address or other particular facts.

3. Should any of said confidential documents be marked as exhibits in any deposition or court proceeding, attached to, quoted or paraphrased in any pleading, brief or other legal document that will become part of the court file herein, said deposition, deposition exhibit, pleading, brief or any other legal document shall be submitted to the Court under seal and with a copy of this Protective Order so as not to become part of any public record.

4.      All persons to whom said confidential documents are disclosed are hereby enjoined from using the same except in connection with this litigation with such safeguards set forth herein, and from disclosing same to any other person except as provided herein.  A breach of the provisions of this order may be subject to appropriate sanctions, and the discretion of the Court, as authorized by any statute, rule or the inherent power of the Court, or as otherwise provided by law.

5.      This Protective Order and the provisions herein are without prejudice to reconsideration by the court as discovery continues in the nature of said documents referred to herein.

6.      After entry of a final order or judgment in this case from which no party has sought timely judicial review, all copies of all documents containing information designated as confidential under this Protective Order shall be delivered forthwith to the attorney for the party designating such documents as confidential but only upon request by said attorney.  Otherwise, the documents will be maintained in the ordinary course and this Order shall remain in effect, provided that within thirty days after the entry of a final judgment or appellate mandate, if appealed, the attorneys may request return of any documents held under seal.  Otherwise, any documents subject to the Protective Order that have been filed with the Court shall be unsealed and placed in the case file.  Any request of the Court to return the documents to the parties shall be honored, but only if the cost of transmittal is borne by the requesting party.

Dated: __May 8_____, 2008        /s/ Hugh W. Brenneman, Jr.
                                        Hugh W. Brenneman, Jr.
                                        U.S. Magistrate Judge

3

4

I HEREBY STIPULATE TO ENTRY OF THE ABOVE ORDER WHICH IS APPROVED AS TO FORM:

s/James H. Mathieu
James H. Mathieu  (P26565)
Co-Attorney for Plaintiff

s/William E. Maxwell
William E. Maxwell  (P35846)
Co-Attorney for Plaintiff

s/William Vogelzang, Jr.
William Vogelzang, Jr.  (P29231)
Attorney for Defendants