UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN M. FOX,

       Plaintiff,                                        Case No. 1:07-CV-956

v.                                                      Hon. Robert J. Jonker

TRAVERSE CITY AREA PUBLIC
SCHOOLS BOARD OF EDUCATION,
et al,

       Defendants.
_____/

**ORDER DENYING MOTION FOR LEAVE TO
FILE FIRST AMENDED COMPLAINT**

Pending before the court is Plaintiff's Motion for Leave to File First Amended Complaint (docket no. 40). Plaintiff's motion is brought pursuant to Rule 15, Federal Rules of Civil Procedure, which provides that the court should freely grant leave to amend when justice so requires. Unfortunately, neither plaintiff's motion nor her supporting brief provide an adequate basis for plaintiff's belated motion, which comes nearly a year after the case was commenced, and after the close of discovery.

**Plaintiff's Motion**

Paragraph 1 of plaintiff's motion is unintelligible because words have been left out, but appears to state that the plaintiff was terminated "in June of 2007."

The second numbered paragraph states that the original complaint was filed on September 25, 2007, "within the limitations period of 90 days prescribed by Michigan statutes for

1

violations of the Michigan Whistleblower Protection Act." Actually the original complaint was filed on September 26, 2007.

The third numbered paragraph of the motion only states that the proposed First Amended Complaint is attached as an exhibit.

## Plaintiff's Brief

Plaintiff's brief simply reprints Rule 15(a)(2)[1]. and adds that the purpose of the rule is to allow cases to be decided on their merits rather than to "erect technicalities." Plaintiff explains that the proposed amended complaint "has fewer counts" (apparently referring to the deletion of Count IV - Improper Interference With Employment Contract, and Count V - Civil Conspiracy) and is more precise as to the statutory violations alleged and adds additional facts adduced at plaintiff's own deposition.

The supporting brief fails to comply in any meaningful way with the local rule which requires that all briefs in support of a motion "shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and other authorities upon which the party relies." W.D. Mich. LCivR 7.1(b).

First, if plaintiff wants to dismiss counts from her original complaint, she does not need to file an amended complaint to do so.

Second, the brief does not explain how the proposed amended complaint is more precise as to alleged statutory violations. Merely stating that the proposed amended complaint is "more precise," without further explanation, provides no guidance. Nor does the motion or brief state why the complaint needs to be amended because of this more precise statement of the violation.

---

[1] Plaintiff mis-cites the rule as Rule 15(2).

2

Third, plaintiff fails to identify what additional facts from her own deposition have been added to the complaint, or why she had to wait until her own statement was taken under oath to allege these facts. Presumably plaintiff knew the facts of her case from the beginning and could have alleged them in her original complaint. Nor does plaintiff explain why the existence of additional facts requires the filing of an amended complaint. If simply learning additional facts during the course of discovery was a sufficient basis, without more, to amend a complaint, presumably complaints would be amended in virtually every action.

Moreover, prior to filing this motion, plaintiff was obligated to ascertain whether the motion would be opposed, and to state in the motion the efforts she made to comply with this rule. W.D. Mich. LCivR 7.1(d). As it turns out the motion to amend is opposed, but had plaintiff conferred with the defendants, issues pertaining to the statute of limitation of the Whistleblower Protection Act, as well as the need for filing an amended complaint at all, could have been addressed, and many of the problems pointed out above might have been eliminated.

For all of these reasons, the motion to file an amended complaint (docket no. 40) is DENIED, plaintiff having failed to provide the court with any substantial reason why the proposed amended complaint needs to be filed at this late date.

IT IS SO ORDERED.


Dated:  October 9, 2008              /s/ Hugh W. Brenneman, Jr.
                                     HUGH W. BRENNEMAN, JR.
                                     United States Magistrate Judge