UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN M. FOX,

        Plaintiff,                             Case No. 1:07-CV-956

v.                                               Hon. Robert J. Jonker

TRAVERSE CITY AREA PUBLIC
SCHOOLS BOARD OF EDUCATION,
et al,

        Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT**

Pending before the court is Plaintiff's Second Motion to Amend Complaint (docket no. 51) pursuant to Rule 15, Fed.R.Civ.Proc. (FRCP). The first motion was denied in an order dated October 9, 2008.

The new proposed amended complaint is not the same as the one previously denied. The new proposed complaint drops Count IV - Improper Interference with Employment Contract, and Count V - Civil Conspiracy. Count I continues to allege a violation of the Civil Rights Act (42 U.S.C. § 1983), and the last count (new Count IV) remains an allegation that defendants violated Michigan's Whistleblowers Protection Act. Counts II and III have been switched without explanation. Present Count II - Violation of Michigan Public Policy, has now become Count III in the proposed complaint, and present Count III pertaining to retaliation has become Count II in the proposed complaint.

1

Rule 15(a)(2), FRCP, provides that when considering a motion for leave to amend a complaint, the court should freely give leave when justice so requires. This rule is to be construed "to secure the just, speedy, and inexpensive determination of every action." Rule 1. Motions for leave to file an amended complaint under Rule 15(a) are governed by Rule 7(b). *Evans v. Pearson Enters., Inc.,* 434 F.3d 839, 853 (6th Cir. 2006). Rule 7(b) requires a motion to state the grounds upon which it is made with particularity. *Id.*, *Siddock v. Grand Trunk Western Railroad, Inc.,* 556 F.Supp. 2d, 731, 739 (W.D. Mich. 2008). *See also,* W.D. Mich. LCivR 7.1(b) (all briefs in support of a motion "shall contain a concise statement of the reasons in support of the party's position. . ."). In deciding whether to grant a motion to amend, the court should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Centers, Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005). Thus, in the absence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by allowance of the amendment, futility, etc., the court in its discretion will usually grant the leave sought. *See, Foman v. Davis,* 371 U.S. 178 (1962). The history of the present case, however, requires the court to address what appears to be undue delay, undue prejudice to the defendants, and the lack of an adequate statement of the grounds for making the motion.

The Rule 16 scheduling conference in this case was held on November 28, 2007. Rule 16(d) requires the court to issue a pretrial order memorializing actions taken by it at any pretrial conference. The Case Management Order (CMO) entered the day following the scheduling conference required that all motions to amend the pleadings be filed by January 15, 2008. In fact,

this was a date suggested by the parties themselves. *See* paragraph 7, Joint Status Report, filed November 26, 2007 (docket no. 6)

Once the CMO has been entered, it controls the subsequent course of the case. This order may be modified only for good cause and with the court's consent. Rule 16(b)(4). *See also,* W.D.Mich. LCivR 16.1 (the case management order may contain a deadline for amending the pleadings; subject to good cause shown, the court may modify the case management order in the interest of justice). The likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments. Substantial unexplained and unjustified delay in seeking leave to amend generally reduces the prospects for obtaining leave to amend. *Zenith Radio Corporation v. Hazeltine Research, Inc.,* 401 U.S. 321 (1971). *See also, Wade v. Knoxville Utilities Board,* 259 F.3d 452, 459 (6th Cir. 2001) ("When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier."). The present motion was filed over nine months past the deadline.

Moreover, the parties were also given seven months in the CMO, until June 30, 2008, to complete discovery. The court later extended discovery through August 31, 2008. Order of June 6, 2008. Thus, both of plaintiff's motions to amend her complaint, dated September 5, 2008, and October 29, 2008, respectively, were filed after the close of discovery.

Nowhere in her motion does plaintiff explain either this delay or why she wants to amend her complaint, but simply refers to "the reasons detailed in the accompanying brief." Accordingly, the court turns to plaintiff's brief for these explanations.

The explanations in plaintiff's brief are sparse. As far as the delay in filing the motion to amend her complaint is concerned, plaintiff simply denies that it was an undue delay

3

notwithstanding the fact that it comes nine months after the deadline for amending complaints, as well as after the close of discovery. Indeed, plaintiff makes no reference to these deadlines.

In an attempt to mitigate this delay, plaintiff does state that there was little "substantive discovery" prior to October 2008, the month she took the depositions of the defendants' designated representatives. (It appears defendants took plaintiff's deposition somewhat earlier, either in June or early July. *See* paragraph 6, Plaintiff's Motion to Compel Discovery filed July 16, 2008.) Plaintiff's argument that there has been little substantive discovery is undercut by the lack of any real explanation as to why she did not pursue discovery sooner. For example, it appears that plaintiff did not request that defendants produce records, nor submit her first notice for taking deposition duces tecum of defendants' designated representatives, until May 29, 2008, *Id.,* six months after the CMO was entered. Plaintiff's unexplained delay in pursuing discovery hardly furnishes a reasonable justification for her otherwise unexplained delay in filing the motion to amend her complaint. *Zeith Radio, supra.*

In denying plaintiff's first motion to amend her complaint, the court pointed out that she did not explain how the proposed amended complaint was more precise as to alleged statutory violations, or why the complaint needed to be amended because of a more precise statement of the violation. Similarly, plaintiff's second motion fails to state with any particularity why the amendment is necessary. She offers only two reasons for amending her complaint, and neither is particularly persuasive. First, plaintiff states that in her original complaint she had stated that she "advised her superiors that they were breaking the law, i.e., she opposed an unlawful act or practice (see below) as it relates to her special education students and alleged a violation of her civil rights." She then states "[t]he Second Amended Complaint specifically makes this factual allegation. . .."

4

It is unclear why making a factual allegation that was previously made in the original complaint requires an amendment.

Second, plaintiff states that in her second attempt to amend her complaint she identifies a "specific civil rights violation, i.e., "Wrongful Retaliation under 42 U.S.C. § 12203 In Violation of The Rehabilitation Act, 29 U.S.C. § 794." She further points out in her brief that she "isn't changing her theory of recovery but providing the specific federal statutes which she claims were violated." Plaintiff's Brief at 9-10. This is the same relief plaintiff sought in her first motion to amend. At that time she implied that she was merely being more precise in identifying the "statutory violations alleged", Plaintiff's Brief of September 5, 2008, and did not suggest that she was adding any new claims. Similarly, plaintiff alleges in support of the present motion that she is not changing her theory of recovery (i.e., is not adding a claim not heretofore made). And again, no explanation is offered as to why it is necessary to file an amended complaint just to identify this statute. Plaintiff does not attempt to explain any of the other changes offered in the second proposed amended complaint.[1]

In essence, plaintiff's second motion to amend is simply a request to the court to reconsider plaintiff's unsuccessful first motion to amend, but without any particular explanation as to why it is necessary to amend a complaint to identify a statutory provision plaintiff maintains she has been relying upon all along.

---

[1] In paragraph 16 of the second proposed amended complaint, plaintiff refers to the resignation of a "Ms. Strum." There is no Ms. Strum in this case, and this appears to be a typographical error. If it is not, plaintiff should notify the court and opposing counsel immediately.

It would simply be an unjustifiable cost in terms of both time and money to the defendants and to the court to allow plaintiff to file an amended complaint that does nothing more than reshuffle her existing claims utilizing different language, over nine months after the deadline for filing amended pleadings has expired and after discovery has closed, with virtually no explanation as to why any of this is necessary. Indeed, plaintiff concedes that the pending motion to amend the complaint will require "further discovery and new requests to produce documents and witness testimony."  Paragraph 10, Plaintiff's Motion To Extend Discovery Deadlines, filed November 26, 2008.

One aspect of the second proposed amended complaint appears to be unopposed and non-prejudicial to defendants.  In both motions to amend, plaintiff has dropped present Count IV - Improper Interference with Employment Contract, and Count V - Civil Conspiracy.  Accordingly, these two counts will be deleted.

Accordingly, for the reasons stated above, Plaintiff's Second Motion to Amend Complaint (docket no. 51) is GRANTED insofar as present counts IV and V are DISMISSED with prejudice, and in all other respects the motion is DENIED.

IT IS SO ORDERED.


Dated:  December 10, 2008         /s/ Hugh W. Brenneman, Jr.
                                  HUGH W. BRENNEMAN, JR.
                                  United States Magistrate Judge