UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN M. FOX,

       Plaintiff,                             Case No. 1:07-cv-956

v.                                                  Hon. Robert J. Jonker

TRAVERSE CITY AREA PUBLIC
SCHOOLS BOARD OF EDUCATION,
et al,

       Defendants.
_____/

**ORDER GRANTING MOTIONS TO QUASH
AND FOR A PROTECTIVE ORDER**

Pending before the court is a motion to quash deposition subpoenas served by plaintiff on six witnesses associated with defendant Traverse City Area Public Schools ("TCAPS"), pursuant to Rule 45, Fed.R.Civ.P. (docket no.63). The motion is joined by three non-party witnesses who were also served with subpoenas by plaintiff. Movants contend that the subpoenas failed to provide sufficient notice prior to the depositions and unreasonably crowded all the depositions into a two-day period. This is evidence, the defense argues, that the depositions were not sought in good faith. Also pending is a motion for a protective order to preclude the depositions from taking place until the motion to quash is resolved and for certain other relief (docket no. 64).

Rule 45(c)(3)(A)(i) requires a court to quash or modify a subpoena that fails to allow a reasonable time to comply. Movants have the burden of showing that these subpoenas should be quashed. *Sea Tow Intern. v. Pontin,* 246 F.R.D. 421, 424 (E.D. N.Y. 2007).

1

It appears undisputed that plaintiff knew of these witnesses, or at least eight of them, prior to commencing the lawsuit. She knew of them from her employment with TCAPS and their names were disclosed by plaintiff herself in her Rule 26(a)(1) disclosures. These disclosures were apparently made prior to the end of 2007. See deadline of December 31, 2007 in Case Management Order filed November 29, 2007, for disclosing Rule 26(a)(1) material.

Plaintiff did not serve witness subpoenas on these persons until approximately mid-day on Thursday, January 15, 2009, for depositions the following Monday and Tuesday. Each of the witnesses have stated that they had scheduling conflicts on the days they were scheduled to testify and could not attend on such short notice.

Two business days, more or less, even with the intervening weekend, is not an adequate period of time to comply with a subpoena. *See, for e.g., United States v. Woods,* 931 F.Supp. 433, 442 n.3 (E.D. Va. 1996) (obtaining subpoenas seven days before the hearing did not allow a reasonable enough time to comply); *United States v. Phillip Morris Inc.,* 312 F.Supp. 2d 27 (D.D.C. 2004) (3 business days notice for busy professionals is not reasonable); *In Re: Stratosphere Corporation Securities Litigation,* 183 F.R.D. 684, 687 (D. Nev. 1999) (six days' notice not reasonable, citing William W. Schwarzer, *et al,*, CALIFORNIA PRACTICE GUIDE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, ¶ 11:360 (The Rutter Group 1998): "What is 'reasonable' depends on the circumstances of the case, but at least 10 days' notice is customarily expected"); *In Re: Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 320, 327 (N.D. Ill. 2005) (10 days unreasonable in a complex case); *Washington v. Thurgood Marshall Academy,* 230 F.R.D. 18 (D.D.C. 2005) (29 days was reasonable time to comply with subpoena); *Paul v. Stewart Enterprises Inc.,* 2000 W.L. 1171120 (E.D. La. 2000) (one business day's notice is clearly unreasonable in light of the requirement in Rule

45(c)(2)(B) that a subpoenaed person be permitted fourteen days to object). While the law permits a litigant to impose herself on other people by calling them as witnesses for the benefit of making her claims, the law implicitly recognizes these people also have lives, and Rule 45(c) cautions an attorney at the outset that he has a duty not to issue a subpoena for improper purposes or to impose an undue burden on the recipient of the subpoena.

Plaintiff's position is not significantly mitigated by the fact that she sent to opposing counsel a Notice of Taking Deposition, which defendants' attorney received on January 14, 2009, one day before the subpoenas were served. Although a signed notice is sufficient to require the appearance of certain witnesses employed by a corporate party, one additional day does not make a difference under these circumstances.[1]

Moreover, the notice was not binding on all these witnesses. A notice of deposition is normally binding only on directors, officers, and managing agents of a corporate party, or comparable individuals. *See, Murata Mfg. Co., Ltd v. Bel Fuse, Inc.,* 242 F.R.D. 470 (N.D. Ill. 2007) (managing agents generally are current employees with control or authority over day-to-day business decisions). A subpoena is required for other employees. *U.S. Fidelity & Guar. Co. v. Braspetro Oil Svcs. Co.,* 2001 W.D. 43607 (S.D. N.Y. 2001). At least one of these individuals, Connie Domine, an elementary reading teacher, would clearly appear to fall into the employee category. Other witnesses, whose positions are unknown to the court, might also fall into this category.

---

[1] Plaintiff also emailed an unsigned notice of deposition to defendant's attorney toward the end of the day on January 12, 2009. Defense counsel had no duty to act on this unsigned request, Rule 26(g)(2), but nevertheless informed plaintiff's counsel the same day and the following day that the proposed dates posed scheduling conflicts. As explained more fully, *infra,* this notice was not binding on several of the witnesses, even if it had been signed and received by them.

Further, a notice of deposition is also not binding on any non-party. A subpoena must be issued pursuant to Rule 45 to compel a non-party to attend. *Nuskey v. Lambright,* 251 F.R.D. 3 (D.D.C. 2008); *Blazek v. Capital Recovery Assoc. Inc.,* 222 F.R.D. 360, 361 (E.D. Wis. 2004). In this instance, three of the nine witnesses were not employees of the defendants.

Finally, this notice specifically stated it was given pursuant to Rule 34, and it required each of the nine witnesses to furnish at the deposition originals of all documents the witness had "reviewed concerning this litigation prior to the deposition." This was a broad request for documents, containing no time parameters. A party witness may be compelled to bring documents to a deposition by including a description of the documents in the notice of deposition. However, such a witness must be accorded 30 days to interpose objections to the document request. *Howell v. Standard Motor Products, Inc.,* 2001 W.L. 456241 (N.D. Tex. 2001). The rationale for this rule is that one should not be able to circumvent the 30-day period in document request rules by issuing a notice of deposition. *See, Canal Barge Co. v. Commonweath Edison Co.,* 2001 W.D. 817853 (N.D. Ill. 2001) (discussing the relationship between document requests under Rule 34 and requests to bring documents to depositions).

In summary, this notice was not binding on non-party witnesses, nor on mere employees of the corporate defendant, and (because of the inclusion of the wide-ranging document requests) it clearly violated the 30-day rule as to party witnesses at the managerial level.[2]

Based upon all these circumstances, the court is constrained to grant the motion and quash the subpoenas and the notice of deposition. The court has considered, but does not adopt, the alternative of modifying the subpoenas. Plaintiff had over a year to conduct these depositions before

---

[2]Interestingly, in the subpoenas themselves, plaintiff does not request document production. Of course, party witnesses at the managerial level remained bound by the notice of deposition.

4

the period for discovery finally closed, but chose to wait until the eleventh hour (actually the middle of the thirteenth hour, if one counts all the months involved), and then attempted to squeeze nine depositions into a two-day period with entirely inadequate notice. Plaintiff knew these dates were objectionable when there was still an opportunity to readjust them prior to the close of discovery, but issued and served the subpoenas irregardless. *See, In Re: Sulfuric Acid, supra* at 327-8 ("It was not as though there had been some impropriety, and the identities of the witnesses had been concealed by the defendants until late in the game. . .So far as the present record reveals, the plaintiffs waited months before taking any action and even then languished in inaction after Marsulex's prompt response to their deposition notices."). Plaintiff's problem is one of her own making. *Id* at 328 (". . . because the conditions giving rise to their predicament are attributable to having waited to the last minute to notice the depositions, the motion to compel the depositions. . . is denied"). To modify the deposition schedule would require the court to extend discovery yet a third time, which might further require changes in the Case Management Order.[3] This is not necessary. Plaintiff can call these witnesses at trial.

For the reasons stated, the motion to quash the nine deposition subpoenas (docket no. 63) is **GRANTED** and the subpoenas and Notice of Taking Deposition are quashed. Further, the motion for protective order (docket no. 64) is **GRANTED** to the extent defendants sought to preclude the depositions at issue from being taken while the motion to quash was under consideration.

---

[3] For an overview of the difficulties caused by discovery delays in this lawsuit, see Court's Order of December 18, 2008 (docket no. 61).

**IT IS SO ORDERED.**


Dated:  March 10, 2009                                              /s/ Hugh W. Brenneman, Jr.
                                                                   HUGH W. BRENNEMAN, JR.
                                                                   United States Magistrate Judge